| State of Alabama<br>Unified Judicial System<br>Form C-34    Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | Case Number<br>CV-05-112 |
|---|---|---|

IN THE _____CIRCUIT_____ COURT OF _____HENRY_____ COUNTY

Plaintiff                                    v. Defendant

RECEIVED-LEGAL DEPT.
OCT 20 2005
FLEETWOOD ENTERPRISES, INC.

NOTICE TO _____FLEETWOOD HOMES OF GEORGIA, INC., 3125 Myers Street, Riverside, CA 92503-5527_____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____SAMUEL L. ADAMS_____ WHOSE ADDRESS IS _____P O BOX 1690, 153 SOUTH OATES STREET, DOTHAN, AL 36302_____.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☒ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date __10/14/05__                    _____[signature]_____
                                     Clerk/Register

☐ Certified Mail is hereby requested.

_____ Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____ (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____ (Date)

Date _____
Address of Server _____

Server's Signature _____

Type of Process Server _____

EXHIBIT A

| | |
|---|---|
| NICKEY WALKER AND<br>CHRIS WALKER,<br><br>   PLAINTIFFS,<br><br>VS.<br><br>FLEETWOOD HOMES OF GEORGIA,<br>INC., A Corporation,<br>WAYNE FRIER HOMES CENTER OF<br>DOTHAN, LLC d/b/a IRONWOOD<br>HOMES OF DOTHAN, A Corporation,<br>a person, firm, or corporation<br>whose name is unknown to<br>Plaintiffs at this time, but<br>when ascertained will be added<br>by amendment, B, a person, firm,<br>or corporation whose name is<br>unknown to Plaintiff at this<br>time, but when ascertained will<br>be added by amendment, C, a<br>person, firm, or corporation<br>whose name is unknown to<br>Plaintiff at this time, but<br>when ascertained will be added<br>by amendment and D, E, F, G, H,<br>I and J, persons, firms, or<br>corporations whose names are<br>unknown to Plaintiff at this<br>time, but when ascertained will<br>be added by amendment,<br><br>   DEFENDANTS. | IN THE CIRCUIT COURT<br>OF<br>HENRY COUNTY, ALABAMA<br><br>CIVIL ACTION NO. CV-05-112<br><br>JURY TRIAL DEMANDED |



## COMPLAINT

1.   Plaintiffs, Nickey and Chris Walker are residents of the State of Alabama and are of legal age.

2.   Defendants, Fleetwood Homes of Georgia, Inc., and Wayne Frier Home Center of Dothan, LLC d/b/a Ironwood Homes of Dothan, are Alabama corporations which do business by agent in Henry County, Alabama.

3.   Defendant, Fleetwood Homes of Georgia, Inc. is a Georgia Corporation.

## COUNT 1

4. On or about the 23rd day of May, 2003, the Plaintiffs, Nickey and Chris Walker, and the Defendants, Fleetwood Homes of Georgia, Inc. and Wayne Frier Home Center of Dothan, LLC d/b/a Ironwood Homes of Dothan entered into a contract under the terms of which the Plaintiffs agreed to purchase the following described personal property:

One new 2003 Fleetwood Homes of Georgia, Inc. mobile home bearing Serial No. GAFL335A88514-SP11 and GAFL335B88514-SP11.

5. Defendants' sellers agreed to deliver the mobile home completely finished and free of defects and to perform otherwise in accordance with specifications of the contract. The mobile home was delivered into the possession of the Plaintiffs soon thereafter.

6. A short time after delivery of the respective mobile home, the Plaintiffs began to discover that the mobile home did not conform to the contract description; that the mobile home did not conform to the general standards of merchantability; that the mobile home was not fit for the ordinary purposes for which it was intended; and, that the mobile home was defective and nonconforming.

7. The Plaintiffs, on numerous occasions, advised the Defendants, Fleetwood Homes Georgia, Inc. and Wayne Frier Home Center of Dothan, LLC d/b/a Ironwood Homes of Dothan, of the problems with the mobile home. On several occasions the Defendants and its agents have allegedly attempted to correct some of the defects, however, the major defects and non-conformities have not been corrected as of this date.

8. The Defendants and/or its agents on numerous occasions would notify the Plaintiffs that they were coming to work on the mobile home. On numerous occasions, the workers would not show at the time specified to the Plaintiffs. If workers actually did show up, often times they would not have the right materials and would not be able to perform the necessary repairs.

9. Due to the difficulty of discovery and the assurances, representations, and statements made by the Defendants, indicating that said mobile home contained no defects and conformed in both materials and workmanship, Plaintiffs could not and did not know of the defects in the mobile home prior to or at the time of acceptance.

10. The corporate Defendants, through the acts of its managerial agents and employees, ratified the fraud and misconduct of the Defendants' agents and sought to profit thereby.

11. The defects in the mobile home have substantially and severely impaired its value to the Plaintiffs inasmuch as the Plaintiffs intended to use it for general consumer purposes and the same cannot be so used in its defective condition.

12. As a result of the actions of the Defendants and its agents, the Plaintiffs have been injured and damaged as follows: they have lost the value of their money, they have been caused to expend substantial amounts of money in attempts to have the respective mobile home repaired, they have spent a great deal of money on something that is now worthless, they have suffered and continues to suffer mental anguish, worry, anxiety, and distress,

they are forced to make payments higher than what they originally agreed. They have been otherwise injured and damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in a sum which the jury shall deem appropriate plus costs of this action.

### COUNT 2

13. The Plaintiffs reallege paragraphs 1 through 12 of this complaint as if set out herein.

14. On or about the 23rd day of May, 2003, Defendants, Fleetwood Homes of Georgia, Inc. and Wayne Frier Home Center of Dothan, LLC d/b/a Ironwood Homes of Dothan acting as agent for Fleetwood Homes of Georgia, Inc., sold Plaintiffs a new 2003 mobile home by Fleetwood Homes of Georgia, Inc. and identifiable by serial number: GAFL335A88514-SP11 and GAFL335B88514-SP11.

15. Defendants, Wayne Frier Home Center of Dothan, LLC d/b/a Ironwood Homes of Dothan and Fleetwood Homes of Georgia, Inc. made written and oral express warranties to the Plaintiffs and represented that the mobile home would be free from all defects in materials and workmanship and that it would be set up in a good, workmanlike manner and in accordance with standards imposed by the manufacturer and applicable state and federal law. Defendants further warranted that any defects in materials or workmanship in the home of which they were given written notice within one year from the date of sale would be repaired or remedied at no cost to Plaintiffs.

16. Said Defendants further represented, stated and warranted to the Plaintiffs that in the event of discovery by the Plaintiffs of any defect in either materials and/or workmanship,

the Defendants, Fleetwood Homes of Georgia, Inc. and Wayne Frier Home Center of Dothan, LLC d/b/a Ironwood Homes of Dothan, by and through its dealerships, as the designated agent for repair, would make any repairs and all needed adjustments to correct any defects in either materials or workmanship.

17. Plaintiffs accepted the mobile home in reliance upon these representations, statements, and warranties made by the Defendants.

18. Said mobile home was not of the character stated by the Defendants, but to the contrary, was defective and nonconforming in both materials and workmanship, and because of said non-conformities, the express statements, representations and warranties were false and untrue and the Defendants breached the promises made in the warranty and during the purchase/sale negotiations.

19. Immediately after delivery of the mobile home the Plaintiffs discovered numerous defects in materials, workmanship and setup which were not reasonably capable of discovery prior to the delivery and set-up of the said home.

20. Plaintiffs notified Defendants, Wayne Frier Home Center of Dothan, LLC d/b/a Ironwood Homes of Dothan and Fleetwood Homes of Georgia, Inc. in a timely fashion through Wayne Frier Home Center of Dothan, LLC d/b/a Ironwood Homes of Dothan, as required by the express warranty and pursuant to Ala. Code § 7-2-607(3)(1975), of Plaintiffs' breach of warranty claim prior to bringing this suit. The Defendants had knowledge and notice of the defects existing in the subject mobile home and had said notice at the time of sale.

21. The Plaintiffs have made available to Defendants, Fleetwood Homes of Georgia, Inc. and Wayne Frier Home Center of Dothan, LLC d/b/a Ironwood Homes of Dothan, representatives the mobile home for repair or replacement.

22. Defendants, Fleetwood Homes of Georgia, Inc. and Wayne Frier Home Center of Dothan, LLC d/b/a Ironwood Homes of Dothan, were obligated to provide service under the warranty issued by Fleetwood Homes of Georgia, Inc., yet they refused or failed to do so, and the mobile home is still in defective condition.

23. The mobile home continues to contain defects which substantially impair the value of the mobile home to the Plaintiffs, and these defects could not be reasonably discovered by the Plaintiffs prior to the Plaintiffs' acceptance of the mobile home.

24. Plaintiffs aver that any applicable statute of limitations has been tolled due to the Defendants' fraudulent conduct, misrepresentations and/or failure by Plaintiffs to discover defects or failure of Defendants to disclose information which they were under a duty to disclose by reason of having superior knowledge about facts upon which Plaintiffs relied.

25. Plaintiffs have suffered mental anguish because the mobile home is their primary residence and they cannot live therein as purchased from the Defendants.

26. Plaintiffs claim compensatory damages for breach of warranty, due to the decrease in value of their home; also, consequential damages for emotional distress; and incidental damages.

WHEREFORE, Plaintiffs demand judgment against Defendants in a sum which the jury shall deem appropriate plus costs of this action.

**COUNT 3**

27. The Plaintiffs reallege paragraphs 1 through 26 of this complaint as if set out herein.

28. The mobile home failed to perform in its intended manner as set forth above.

29. Defendants sold to the Plaintiffs a mobile home. At the time of sale, the Defendants knew or had reason to know of a particular purpose for which the mobile home was to be used. At the time of sale, the Defendants knew or had reason to know the Plaintiffs were relying on the skill and judgment of the Defendants to select or furnish a suitable mobile home for the intended purpose.

30. Defendants, Fleetwood Homes of Georgia, Inc. and Wayne Frier Home Center of Dothan, LLC d/b/a Ironwood Homes of Dothan, impliedly warranted that said product was fit for its intended use as a residence pursuant to Ala. Code § 7-2-315, and further impliedly warranted that the product was merchantable pursuant to Ala. Code § 7-2-314.

31. As stated above, the mobile home failed and Defendants breached their said implied warranties in that it was not fit for its intended use and/or was not merchantable.

32. Pursuant to Ala. Code § 7-2-607(3) the Plaintiffs gave the Defendants notice of Plaintiffs' breach of warranty claim prior to bringing this suit.

33. As a proximate result of the Defendants' said breach of their implied warranties the Plaintiffs were injured and damaged as set forth above.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for a fair and reasonable amount of compensatory damages, plus their costs.

### COUNT 4

34. The Plaintiffs reallege paragraphs 1 through 33 of this Complaint as if set out herein.

35. The Plaintiffs purchased a new residence from the Defendants, Wayne Frier Home Center of Dothan, LLC d/b/a Ironwood Homes of Dothan, which the Defendants, Fleetwood Homes of Georgia, Inc., constructed. The residence had not been inhabited by any other person or persons prior to the purchase of the residence.

36. The Plaintiffs' home was constructed by the Defendants, Fleetwood Homes of Georgia, Inc., for purposes of sale and was sold in a defective condition, which defective condition impaired the intended use of the residence, namely, inhabitation.

37. The Plaintiffs were not aware of the defective condition and were not in possession of any knowledge or notice by which they could have reasonably discovered it.

38. By reason of the defective condition, the Plaintiffs suffered damages in the form of a decrease in the fair market value of the residence. The Plaintiffs have been otherwise injured and damaged, as alleged above.

**COUNT 5**

39. The Plaintiffs reallege paragraphs 1 through 38 of this Complaint as if set out herein.

40. The Defendants undertook the obligation to fully and properly set up and repair defects that were discovered in the Plaintiffs' home. Defendants negligently and/or wantonly attempted the set up and repair and ultimately failed to properly set up and repair said home.

41. As a result of the Defendants' negligent and/or wanton set up and repair, the Plaintiffs were injured and damaged as described above.

42. To the extent such actions were wanton, the actions of the Defendants are such as to allow the imposition of punitive damages to punish them and to deter them and others similarly situated from such conduct in the future.

**COUNT 6**

43. The Plaintiffs reallege paragraphs 1 through 42 of this Complaint as if set out herein.

44. This Count is brought pursuant to the Magnuson-Moss Warranty Act ("the Act"), 15 U.S.C. § 2301 et. seq.

45. Defendants, Fleetwood Homes of Georgia, Inc. and Wayne Frier Home Center of Dothan, LLC d/b/a Ironwood Homes of Dothan, were suppliers of the new mobile home ordered and purchased by Plaintiffs.

46. Defendants, Fleetwood Homes of Georgia, Inc. and Wayne Frier Home Center of Dothan, LLC d/b/a Ironwood Homes of Dothan, were obligated to Plaintiffs under a written limited warranty.

47. Pursuant to the Act, Defendants, Fleetwood Homes of Georgia, Inc. and Wayne Frier Home Center of Dothan, LLC d/b/a Ironwood Homes of Dothan, were also obligated to Plaintiffs under warranties implied by State law, in that Defendants impliedly warranted that the home was fit for its intended use as a primary residence, and that it was merchantable, as set forth in Count 5 above.

48. Defendants violated § 2310 (d)(1) of the Act by failing to comply with their written and implied warranties, as previously alleged.

49. Defendants also attempted to disclaim or limit implied warranties in violation of 15 U.S.C. § 2308 (a).

50. Defendants also failed to make available to Plaintiffs the terms of the written warranty prior to the sale of the mobile home to them, in violation of 15 U.S.C. § 2302 (b)(1)(A).

51. As a consequence of Defendants' conduct the Plaintiffs were damaged and injured as set forth above.

WHEREFORE the Plaintiffs demand judgment against the Defendants in an amount which the jury deems appropriate for compensatory and consequential damages, as well as interest, costs, expenses, and attorney's fees pursuant to § 2310 (d)(2) of the Act.

MERRILL, HARRISON & ADAMS

Samuel L. Adams ADA017
Attorney for Plaintiffs
P.O. Box 1690
Dothan, Alabama 36302
(334) 792-0965
(334) 794-6889 (FAX)

SERVE DEFENDANTS AT:

Defendant Wayne Frier Home Center of Dothan, LLC dba Ironwood Homes of Dothan:

    CSC-Lawyers Incorporating Service, Inc.
    150 S. Perry Street
    Montgomery, AL  36104

Defendant Fleetwood Homes of Georgia, Inc.:

    The Corporation Company
    2000 Interstate Park Dr., Suite 204
    Montgomery, AL  36109